**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

RASHONDA ROSS,

               Plaintiff,

v.                                                                1:26-cv-00322 (AMN/PJE)

NATIONAL AFFORDABLE HOUSING
FOUNDATION OF SCHENECTADY, INC.,
KATHLEEN A. HANAWAY, and LOUIS NOVAO,

               Defendants.

---

**APPEARANCES:**                           **OF COUNSEL:**

**THE TOWNE LAW FIRM, P.C.**                **MARK T. HOUSTON, ESQ.**
500 New Karner Road                        **MEGAN L. BASSLER, ESQ.**
PO Box 15072
Albany, New York 12212
*Attorneys for Plaintiff*

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION & ORDER**

## I.      INTRODUCTION

On February 27, 2026, Plaintiff Rashonda Ross filed a complaint against the National

Affordable Housing Foundation of Schenectady ("NAHFS"), Kathleen A. Hanaway, and Louis

Navao (collectively, "Defendants") alleging violations of the Fair Housing Act, 42 U.S.C. § 3601

*et seq.*, the Rehabilitation Act of 1973,  29 U.S.C. § 701 *et seq.*, and New York state law.  *See* Dkt.

No. 1 ("Complaint").

On March 6, 2026, Plaintiff filed an *ex parte* emergency order to show cause requesting a

temporary restraining order and preliminary injunction pursuant to Rule 65 of the Federal Rules

of Civil Procedure.  *See* Dkt. No. 8 ("Motion").  The Motion seeks a temporary restraining order

to, *inter alia*, enjoin Defendants from prosecuting, enforcing, or proceeding with any eviction proceeding against Plaintiff or terminating Plaintiff's tenancy. *See* Dkt. No. 8-15 at 1-2.[1]

For the following reasons, Plaintiff's Motion is denied.

## II.    BACKGROUND

Southgate Apartments, located in Schenectady, New York, is owned and operated by Defendant NAHFS. Dkt. No. 8-1 at 6. Plaintiff has resided at Southgate Apartments for approximately twenty-four years. *Id.* Plaintiff alleges that she suffers from several serious medical and mental health conditions that substantially limit her major life activities and impair her ability to function independently. *Id.* Due to these disabilities, Plaintiff requires the assistance of a live-in aide to assist her with essential daily activities and to enable her to safely remain in her home. *Id.* at 7. In March 2024, Plaintiff provided Defendant NAHFS with medical documentation verifying that Plaintiff requires a live-in aide as a reasonable accommodation for her disabilities. *Id.* On April 2, 2024, Plaintiff submitted a written application requesting Defendant NAHFS's approval of Edward DeCelle as her live-in aide. *Id.* Defendant NAHFS did not approve Plaintiff's application, but due to Plaintiff's ongoing disabilities, Mr. DeCelle continued to assist Plaintiff in her apartment. *Id.* On July 1, 2025, Defendant NAHFS and Defendant Hanaway issued Plaintiff a Notice of Termination of Tenancy alleging that Plaintiff violated her lease agreement. *Id.* Then, on August 7, 2025, Defendant NAHFS and Defendant Hanaway issued Plaintiff a Notice of Non-Renewal alleging objectionable tenancy due to Mr. DeCelle's occupancy in Plaintiff's home. *Id.* at 8.

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

On August 27, 2025, Defendant Novao arrived at Plaintiff's apartment to perform repair work, but because Plaintiff was not feeling well, Mr. DeCelle asked that the repair be rescheduled. *Id.* In response, Plaintiff alleges that Defendant Novao became confrontational and the conflict "escalated to the point that [Defendant] Novao retrieved a baseball bat from his vehicle[.]" *Id.* Following the incident, Defendant Hanaway contacted the Schenectady Police Department and reported that Mr. DeCelle had threatened Defendant Novao with a shotgun. *Id.* Ultimately, no charges were filed against Mr. DeCelle, as the police did not observe any firearm and the allegations made by Defendants Hanaway and Novao were unsubstantiated. *Id.* at 8-9. However, the following day, Defendant NAHFS served Plaintiff with a lease violation notice related to the incident and subsequently commenced an eviction proceeding in Schenectady City Court. *Id.* at 9. On November 7, 2025, Plaintiff appeared in Schenectady City Court in connection with her eviction proceeding. *Id.* According to Plaintiff, the eviction proceeding remains pending in Schenectady City Court. *Id.*

## III.   STANDARD OF REVIEW

When deciding a motion for a temporary restraining order, the Court follows the same legal standard as that for a motion for a preliminary injunction. *Freeman v. McKnight*, No. 07-cv-1123, 2007 WL 3254431, at *1 (N.D.N.Y. Nov. 2, 2007) (citing *Local 1814, Intern. Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992)); *see also Basank v. Decker*, 449 F. Supp. 3d 205, 210 (S.D.N.Y. 2020) ("It is well established that in [the Second] Circuit the standard for an entry of a TRO is the same as for a preliminary injunction." (citation omitted)).  Generally, a "district court may grant a preliminary injunction where the moving party establishes: (1) that it is likely to suffer irreparable injury if the injunction is not granted, and (2) either (a) a likelihood of success on the merits of its claim, or (b) the existence of serious questions going to the merits of its claim and a balance of the hardships tipping decidedly

3

in its favor." *Freeman*, 2007 WL 3254431 at *1 (citing *Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 510-511 (2d Cir. 2005)).  It must also be established "that the public interest would not be disserved by the relief."  *Antonyuk v. Hochul*, 635 F. Supp. 3d 111, 125 (N.D.N.Y. 2022).  "Such relief . . . is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  *Moore*, 409 F.3d at 510 (internal quotation marks and citation omitted).

> In addition, an *ex parte* temporary restraining order may be issued only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  Additionally, in this District, a request for a temporary restraining order made through an order to show cause "must include an affidavit clearly and specifically showing good and sufficient cause why the standard motion procedure (*i.e.*, advanced notice, 21 days for an opposition, and 7 days for a reply) cannot be used."  N.D.N.Y. L.R. 7.1(e).

## IV.   DISCUSSION

### A.  The Anti-Injunction Act

The Anti-Injunction Act provides that a district court "may not grant an injunction to stay proceedings in a State court except [i] as expressly authorized by Act of Congress, or [ii] where necessary in aid of its jurisdiction, or [iii] to protect or effectuate its judgments."  28 U.S.C. § 2283; *see also 273 Lee Ave. Tenants Ass'n by Sanchez v. Steinmetz*, No. 16-cv-6942, 2017 WL 11508017, at *5 (E.D.N.Y. Oct. 3, 2017) (noting that the Anti-Injunction Act "categorically precludes federal district courts from granting injunctions to prohibit 'use of the results of a completed state proceeding,' such as a state court judgment of eviction, 'unless the injunction falls

within one of three specifically defined exceptions'" (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287-88 (1970))).  The Anti-Injunction Act thus precludes this Court from enjoining or staying state court eviction proceedings, or enjoining the use of the results of completed state court eviction proceedings, unless one of the Anti-Injunction Act's "three narrowly construed exceptions" applies.  *Noe v. Ray Realty*, No. 19-cv-1455, 2019 WL 8111914, at *2 (S.D.N.Y. July 2, 2019), *report and recommendation adopted*, 2020 WL 506459 (S.D.N.Y. Jan. 31, 2020); *see also Gomez v. Yisroel*, No. 21-cv-2172, 2021 WL 2138462, at *2, 4 (S.D.N.Y. May 26, 2021) (concluding that the Anti-Injunction Act barred injunctive relief against the execution of an eviction warrant issued by the state court).  "Courts in this Circuit have repeatedly held that the Anti-Injunction Act bars a federal court from enjoining state-court eviction proceedings."  *Markey v. Ditech Fin. LLC*, No. 15-cv-1711, 2016 WL 5339572, at *4 (D. Conn. Sept. 22, 2016) (quoting *Allen v. New York City Hous. Auth.*, No. 10-cv-168, 2010 WL 1644956, at *3 (S.D.N.Y. Apr. 20, 2010) (collecting cases)).

Plaintiff's claims do not fall into one of the three exceptions.  Specifically, the first exception—"as expressly authorized by Act of Congress," 28 U.S.C. § 2283—only applies when Congress has enacted a statute that "create[s] a specific and uniquely federal right or remedy, enforceable in a federal court of equity, that could be frustrated if the federal court were not empowered to enjoin a state court proceeding."  *Mitchum v. Foster*, 407 U.S. 225, 237 (1972).  Here, the Fair Housing Act and the Rehabilitation Act are enforceable in both state and federal courts, *see Moore v. Cap. Realty Grp., Inc.*, No. 21-cv-1099, 2023 WL 4699915, at *4 (W.D.N.Y. July 24, 2023), and thus this exception does not apply.

The second exception—"where necessary in aid of [the federal court's] jurisdiction," 28 U.S.C. § 2283— "is triggered only if some federal injunctive relief may be necessary to prevent a

5

state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Noe*, 2019 WL 8111914, at *3 (internal quotation marks and citations omitted).   Here, the Schenectady court proceeding "would in no way impair this Court's flexibility and authority to resolve Plaintiff's . . . other claims against [Defendants] and, if warranted, to award [her] damages." *Allen*, 2010 WL 1644956, at *4; *see also St. Vincent's Multispecialty Grp., Inc. v. CPI/AHP Cross St. Mob Owner, L.L.C.*, No. 21-cv-1705, 2021 WL 6124521, at *5 (D. Conn. Dec. 28, 2021).

Moreover, while some courts have found that the second exception is applicable when a plaintiff "cannot present his or her federal claims in [a] state court eviction proceeding," *see Sinisgallo v. Town of Islip Hous. Auth.*, 865 F. Supp. 2d 307, 318 (E.D.N.Y. 2012), here, Plaintiff may raise her claims that Defendants violated the Fair Housing Act and the Rehabilitation Act as affirmative defenses in the eviction proceeding.  *See Kristopher v. Stone Street Properties, LLC*, No. 13-cv-566, 2013 WL 499752, at * 4 (S.D.N.Y. Jan. 29, 2013) (citing N.Y. Real. Prop. Acts. Law § 743 (an answer to a petition in an eviction proceeding "may contain any legal or equitable defense, or counterclaim")).   Moreover, even if the state court were to sever Plaintiff's counterclaims, the severed claims would be litigated in state court.  *See Sierra v. City of New York*, 528 F. Supp. 2d 465, 469 n.1 (S.D.N.Y. 2008) ("Although the housing court may sever complicated discrimination defenses or counterclaims, . . . the severed claims still would be litigated in state court; the possibility of severance therefore has no effect on the Anti-Injunction Act analysis." (citations omitted)); *Moore*, 2023 WL 4699915, at *4 (same).   Accordingly, the second exception does not apply.

Lastly, the third exception to the Anti-Injunction Act, which permits an injunction "to protect or effectuate [the federal court's] judgments," 28 U.S.C. § 2283, "only applies where an

issue has been previously presented to and decided by the federal court." *Peters v. Caton Towers Owners Corp.*, No. 25-cv-4176, 2025 WL 2822614, at *4 (E.D.N.Y. Oct. 5, 2025) (quoting *Allen*, 2010 WL 1644956, at *4).  Here, because none of Plaintiff's claims have been previously presented to and decided by this Court, the third exception does not apply.

### B. Younger Abstention

Additionally, the *Younger* abstention doctrine also precludes this Court from enjoining or otherwise interfering in Plaintiff's ongoing state court eviction proceeding.  "*Younger* abstention is appropriate in three categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are 'akin to criminal prosecutions'; and (3) civil proceedings 'that implicate a State's interest in enforcing the orders and judgments of its courts.'" *Ajaero v. Obama*, No. 23-cv-8096, 2023 WL 7386583, at *5 (S.D.N.Y. Nov. 7, 2023) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S 69, 72-73 (2013)).  Regarding this third prong, "the *Younger* abstention doctrine requires federal courts to abstain from jurisdiction 'whenever federal claims *have been or could be presented in ongoing state judicial proceedings* that concern important state interests.'" *Sinisgallo*, 865 F. Supp. 2d at 319 (emphasis in original) (quoting *Hawaii Hous. Auth. v. Midkiff,* 467 U.S. 229, 237-38 (1984)).

Here, Plaintiff seeks injunctive relief relating to the same property that is the subject of the eviction proceedings in Schenectady City Court, which are ongoing, and for the reasons discussed in *supra* Section IV(A), Plaintiff may raise any federal claims as affirmative defenses in state court. Accordingly, the Court finds that Plaintiff's underlying state court eviction proceeding "implicate[s] [the] State's interest in enforcing the orders and judgments of its courts," *see Sprint*, 571 U.S at 72-73, and thus, the *Younger* abstention doctrine applies.  *See, e.g.*, *Abbatiello v. Wells Fargo Bank, N.A.*, No. 15-cv-4210, 2015 WL 5884797, at *4 (E.D.N.Y. Oct. 8, 2015) (finding that the *Younger* abstention doctrine applies because plaintiffs "seek injunctive relief relating to the

same property that is the subject matter of the underlying state court action"; the state court proceedings are ongoing; and "[t]o the extent that plaintiffs could assert any federal claims, those may be raised in the pending state proceedings or in state appellate courts"); *Clark v. Bloomberg*, No. 10-cv-1263, 2010 WL 1438803, at *2 (E.D.N.Y. Apr. 12, 2010) (finding that the *Younger* abstention doctrine barred the court from enjoining foreclosure action and eviction proceedings where the state court actions were pending, "both concern[ed] the disposition of real property and hence implicate[d] important state interests, and there [was] no reason to doubt that the state proceedings provide[d] [plaintiff] with an adequate forum to make the arguments he [sought] to raise").[2]

## V.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion for an *ex parte* temporary restraining order and preliminary injunction, Dkt. No. 8, is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 9, 2026
      Albany, New York

Anne M. Nardacci
U.S. District Judge

---

[2] Given that the Anti-Injunction Act and *Younger* abstention doctrine bar the Court from granting Plaintiff's requested relief, the Court does not further address whether Plaintiff has satisfied the requirements for obtaining a temporary restraining order or preliminary injunction.